UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE ANTHONY SMITH,
# 603827

    Petitioner,

v.

THOMAS BELL,

    Respondent,
_____/

Case No. 10-cv-13015

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER SUMMARILY DISMISSING**
**WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Tyrone Anthony Smith, ("Smith"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Smith challenges his conviction of two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a); and one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a). For the reasons stated below, Smith's petition for a writ of habeas corpus will be dismissed without prejudice.

**BACKGROUND**

Smith was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. The conviction was affirmed on appeal. *People v. Smith,* 282 Mich. App. 191 (2009), *lv. den.* 485 Mich. 933 (2009). Smith then filed a motion for a new trial on the grounds that the convictions were against the great weight of the evidence. The trial court construed the motion as a post-conviction motion for relief from judgment under M.C.R.

1

6.500 and subsequently denied the motion. *People v. Smith*, No. 05-5879-01 (Wayne County Circuit Court, June 16, 2010). It is not clear from the pleadings whether Smith has appealed, or intends to appeal, the trial court's denial of his post-conviction motion.

On July 26, 2010, Smith filed an application for habeas relief with this Court.[1] He seeks habeas relief on three grounds. For the purposes of judicial clarity and economy, the Court paraphrases his claims here rather than recites them verbatim:

> I. Smith's conviction should be reversed because the jury should not have heard Latrice Lewis's claims that he exposed himself to her.
>
> II. Smith was denied the effective assistance of trial counsel when counsel waived the reading of the information at the preliminary examination.
>
> III. Smith was denied the effective assistance of appellate counsel when appellate counsel violated the attorney-client privilege by stating in her brief to the Michigan Court of Appeals that Smith's behavior was aimed at satisfying his sexual desire and that he likely perpetrated the charged acts.

**DISCUSSION**

The instant petition is subject to dismissal because it contains two claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising his claims on federal habeas review. 28 U.S.C. § 2254(b) and (c); *see Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Reaves v. Hofbauer,* 433 F. Supp. 2d 833, 834 (E.D. Mich. 2006). Specifically, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief.

---

[1] Under the prison mailbox rule, this Court will assume that Smith actually filed his habeas petition on July 26, 2010, the date he signed and dated the petition. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 859 n.2 (E.D. Mich. 2004).

*See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *Reaves*, 433 F. Supp. 2d at 834. Federal district courts must dismiss so-called "mixed" habeas petitions, which are petitioners containing both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

Smith acknowledges that his second and third claims were raised for the first time before the Michigan Supreme Court in his application for leave to appeal. Moreover, review of the application for leave to appeal to the Michigan Supreme Court, which he has attached to his petition, confirms that only Smith's first claim was raised in the Michigan Court of Appeals and that his second and third claims were raised for the first time in the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *See Lawrence v. Will Darrah & Assocs.*, 445 Mich. 1, 4 n.2 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276 (1986). Therefore, Smith's failure to raise these two claims in his appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts required for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Smith failed to present his second and third claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Farley v. Lafler,* 193 Fed. Appx. 543, 549 (6th Cir. 2006) (raising claim for the first time in application for

leave to appeal to Michigan Supreme Court was insufficient to constitute "fair presentation" of claim to state court required to establish exhaustion); *Schroeder v. Renico,* 156 F. Supp. 2d 838, 844 n.5 (E.D. Mich. 2001).

In the habeas context, whether a claim is properly exhausted turns on whether there are state court procedures through which a petitioner could present his claims to the state court. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Exhausting state court remedies in this case requires Smith to file a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009)*; Mikko v. Davis*, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). He could exhaust his second and third claims by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). In fact, Smith is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims he wants to raise in on habeas review. *See, e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) ("Thus, state prisoners in Michigan must present their claims to the Michigan Court of Appeals and the Michigan Supreme Court before presenting them in a federal habeas corpus petition." (citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir.1973))).

The Court is aware that Smith has already filed one post-conviction motion in the

4

Michigan courts. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan may typically file only one motion for relief from judgment. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing *People v. Ambrose,* 459 Mich. 884 (1998)). However, the Court notes that Smith originally filed *a motion for a new trial*, which was later *re-characterized* by the trial court as a post-conviction motion for relief from judgment under M.C.R. 6.500. There is no indication that the trial court gave Smith advance warning that it would re-characterize his motion for a new trial as a post-conviction motion, nor is there any indication that Smith was given an opportunity to amend his motion to include any additional claims. It is also unclear whether the trial court denied the motion with or without prejudice. Finally, there is no indication that Smith has appealed the denial of his motion to the Michigan appellate courts. M.C.R. 6.502(F) provides that, "The court may permit the defendant to amend or supplement the motion [for relief from judgment] at any time." Because the trial court re-characterized Smith's new trial motion as a post-conviction Rule 6.500 motion without giving him an opportunity to amend his motion to add additional claims, and because it is not clear that the motion was adjudicated on the merits, the Michigan courts will likely permit Smith to file a supplemental motion for relief from judgment to raise these claims. *See, e.g., Butler v. Booker,* No. 09-cv-10898, 2009 WL 1010919, at * 3 (E.D. Mich. Apr. 14, 2009) (finding it possible that Michigan courts would entertain a second motion for relief from judgment where the first motion rejected for failing to conform with page limit requirement); *Jackson v. Lafler,* No. 08-cv-187, 2008 WL 1808822, at * 2 (W.D. Mich. Apr. 21, 2008) (because petitioner's initial motion for relief from judgment was denied without prejudice he could file a second post-conviction motion consistent with M.C.R. 6.502(g)(1)); *Rushing v. Booker*,

5

No. 04-74322, 2005 WL 1529623, at * 3 and n.5 (E.D. Mich. June 28, 2005) (suggesting that petitioner could file another motion for relief from judgment, when petitioner's first motion was dismissed without prejudice and he had not been given an opportunity to amend or supplement the first motion pursuant to M.C.R. 6.502(F)).

Smith has failed to exhaust his state court remedies and may still have the ability to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances in this case that justify holding the petition in abeyance pending his return to the state courts to exhaust his claims. Such circumstances exists when it is likely that the petition would be time-barred if brought later. Such a situation does not exist here.

The Michigan Supreme Court denied Smith's application for leave to appeal on October 28, 2009, but the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner seeks sought direct review of his conviction in the state court of last resort but chooses not to file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review begins to run on the date the 90-day time period for seeking certiorari with the U.S. Supreme Court expires. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because Smith did not seek a writ of certiorari with the U.S. Supreme Court, his judgment became final, for the purpose of the one-year statute of limitations, on January 26, 2010.

Smith filed the instant habeas petition on July 26, 2010, after only six months had run on the one year limitation period. This Court is dismissing the petition without delay so

that he can return to the state courts and exhaust these two claims. 28 U.S.C. § 2244(d)(2) expressly provides that the one-year statute of limitations is tolled during the pendency of any state post-conviction motion properly filed by the petitioner. Because Smith has nearly six months remaining on the limitations period, and the unexpired portion of that period would be tolled as to all claims, including his exhausted ones, during the pendency of his state post-conviction proceedings, *see Parker v. Johnson*, 988 F. Supp. 1474, 1476 (N.D. Ga. 1998) (courts agree that remainder of limitations period is tolled on *all* claims, both exhausted and unexhausted, while properly filed application for state post-conviction relief remains pending), Smith would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Once he has fully exhausted his claims in state court, he will have nearly six months from the time that any appeal of his motion for relief from judgment becomes final in the Michigan Supreme Court within which to refile his habeas petition. Thus, a stay of the proceedings is not necessary or appropriate to preserve a federal forum for Smith's claims. *See, e.g., Schroeder,* 156 F. Supp. 2d at 846 ("Because this Court concludes that there is a substantial portion of the one-year statute of limitations that remains unexpired, which will allow petitioner to return to this Court after having exhausted all his claims in state court, it is unnecessary for this Court to stay the proceedings."). Smith should not delay in filing his application for relief in state court and, if necessary, returning to federal court. The filing of the instant petition has not stopped the clock on the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 182 (2001). Alternatively, Smith can file a new petition that contains only his exhausted claim if he wishes.

      The Court will also deny a certificate of appealability. In order to obtain a certificate

of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Smith has failed to exhaust his second and third claims with the state courts and that the petition must therefore be dismissed. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007) (not granting certificate of appealability when remaining unexhausted claims were dismissed without prejudice). Because the Court finds that the first prong of the *Slack* has not been met in this case, it need not address the second prong of *Slack* -- whether or not reasonable jurists would debate whether he has stated viable constitutional claims for relief. The Court will also deny Smith leave to appeal *in forma pauperis,* because the appeal would be frivolous and thus not taken in good faith. *See* Fed. R. App. P. 24(a)(3);

*Coppedge v. United States*, 369 U.S. 438, 445 (1962) (appeal taken in "good faith" seeks appellate review of any issue not frivolous).

## *ORDER*

**WHEREFORE** it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED THAT** the Court declines to issue a certificate of appealability and certifies that any appeal would not be taken in good faith.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: August 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2010, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager